IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Diane Flint, *et al.*, | : | |
| | : | Case No. 1:12-cv-826 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING DEFENDANT'S |
| Mercy Health Partners of Southwest Ohio, | : | PARTIAL MOTION TO DISMISS |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' age

discrimination claims brought under Ohio Revised Code Chapter 4112.   Doc. 9.   For the reasons

that follow, the Court **DENIES** Defendant's Motion.

## I.  BACKGROUND

Plaintiffs Diane Flint and Sarah Ann Hill are former employees of Defendant, Mercy

Health Partners of Southwest Ohio ("Mercy").   Plaintiffs claim that Mercy discriminated against

them on the basis of their age and race when it terminated their employment.   Flint was sixty-four

years old when she was terminated and had worked for Defendant for nearly forty-two years.   Hill

had worked for Defendant for more than forty years as a surgical technician and was sixty years

old when she was terminated.   Flint and Hill timely filed charges of discrimination with the Equal

Employment Opportunity Commission ("EEOC") on March 21, 2011, and both received Notice of

Right to Sue letters from the EEOC in the summer of 2012.   Plaintiffs filed their Complaint in this

case within ninety days of receiving the EEOC Notice of Right to Sue letters.

Plaintiffs raise four counts in their Complaint: (I) age discrimination in violation of the Age

Discrimination in Employment Act ("ADEA"), (II) age discrimination in violation of Ohio

1

Revised Code ("O.R.C.") Chapter 4112, (III) race discrimination in violation of Title VII, and (IV) race discrimination in violation of O.R.C. Chapter 4112.   Mercy moves the Court to dismiss Count II for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).   Mercy asserts that by filing an age discrimination charge against it with the EEOC, Plaintiffs have elected a remedy that precludes them from pursuing their pendent state age discrimination claim under O.R.C. Chapter 4112.   Plaintiffs dispute that filing a charge with the EEOC is equivalent to electing an administrative remedy under Ohio law.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."    When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true.   *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).   The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts."   *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction.   Rule 12(b)(1) motions to dismiss based on subject matter jurisdiction generally come in two varieties—those which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact.   *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).   In a "facial attack," the basis of the challenge is that a plaintiff has failed to faithfully recite all the jurisdictional predicates necessary for the Court to exercise subject matter jurisdiction over the matter.   *Id*. at 1134-35.   In

2

contrast, a party makes a "factual attack" when the party challenges the actual existence of the jurisdiction even though the complaint contains the formal allegations necessary to invoke jurisdiction. *Id.*  The Court will construe Mercy's Rule 12(b)(1) challenge as a facial attack as the motion does not dispute the jurisdictional facts pled in the Complaint.   When reviewing a facial attack, the Court must consider the allegations contained in the complaint to be true and draw all reasonable inferences in the plaintiff's favor, much as with a Rule 12(b)(6) motion. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

## III.  ANALYSIS

The sole issue presented by Mercy's motion is whether Plaintiffs are barred from pursuing their state law age discrimination claims under O.R.C. Chapter 4112 because their filing of a charge of discrimination with the EEOC constituted an election of remedies under Ohio law. After drawing all reasonable inferences in Plaintiffs' favor, the Court finds that their *pro se* filing of an EEOC charge did not constitute an election of remedies under Ohio's statutory scheme and they are not precluded from pursuing their state law age discrimination claims in this Court.

### A.   Interplay Between Ohio and Federal Age Discrimination Laws

The Ohio Revised Code provides four avenues through which an employee can pursue a claim of age discrimination: (1) § 4112.02(N), which creates a civil action for violations of subsections (A) and (B) of that section;[1] (2) § 4112.05, which provides for an administrative

---

[1]  Ohio Revised Code § 4112.02 states in relevant part:
>  It shall be an unlawful discriminatory practice:
>  (A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. . . .
>  (N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a

remedy, permitting the employee to bring a complaint before the Ohio Civil Rights Commission ("OCRC");[2] (3) § 4112.14(B), which permits a civil action for a violation of subsection (A) of that section;[3] and (4) § 4112.99, which permits a civil action for a violation of any provision of Chapter 4112.[4]  *Spengler v. Worthington Cylinders*, 438 F. Supp. 2d 805, 807–08 (S.D. Ohio 2006). Each of the first three statutory remedies is expressly exclusive—the choice of one remedy precludes recourse to any of the other three remedies.  *Talbott v. Anthem Blue Cross & Blue Shield*, 147 F. Supp. 2d 860, 861–62 (S.D. Ohio 2001) (citing O.R.C. §§ 4112.08, 4112.14(B)). The fourth statutory remedy, § 4112.99, is neither expressly exclusive nor expressly subject to an election of remedies bar.  *Spengler*, 438 F. Supp. 2d at 808 (citing *Talbott*, 147 F. Supp. 2d at 861–62).   However, the general consensus among Ohio courts is that the election of remedies

---

> civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.

O.R.C. § 4112.02(A), (N).

[2] Ohio Revised Code § 4112.05(B)(1) states in relevant part:
> Any person may file a charge with the [OCRC] alleging that another person has engaged or is engaging in an unlawful discriminatory practice.   In the case of a charge alleging an unlawful discriminatory practice described in division (A), (B), (C), (D), (E), (F), (G), (I), or (J) of section 4112.02 or in section 4112.021 or 4112.022 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed.

O.R.C. § 4112.05(B)(1).

[3] Ohio Revised Code § 4112.14 states in relevant part:
> (A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.
> (B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction.

O.R.C. § 4112.14(A), (B).

[4] Ohio Revised Code § 4112.99 states, "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." O.R.C. § 4112.99.

scheme applies to age discrimination claims brought under § 4112.99.   *Reminder v. Roadway Express, Inc.*, No. 5:04-cv-02581, 2006 WL 51129, at \*2 (N.D. Ohio Jan. 10, 2006) (citing cases). Under the foregoing statutory scheme, it is generally true that if an employee files a charge of discrimination with the OCRC, she has elected to pursue an administrative remedy under O.R.C. § 4112.05 as opposed to a civil action under state law.[5]

Federal law also prohibits an employer from discriminating against its employees on the basis of their age.   Specifically, the ADEA prohibits an employer from failing or refusing to hire, discharging, or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."   29 U.S.C. § 623(a)(1).   Before commencing a federal suit under the ADEA, an employee must first file an administrative charge.   *Dunn v. Medina Gen. Hosp.*, 917 F. Supp. 1185, 1190 (N.D. Ohio 1996). The administrative charge may be filed with either the EEOC or the OCRC.   However, whether the employee files the charge with the EEOC or the OCRC, the charge is deemed filed with the OCRC.   This is because Ohio is a "deferral state" within the meaning of the ADEA, and "[t]he Supreme Court has held that 29 U.S.C. § 633(b) mandates that in states where established agencies are empowered to remedy age discrimination in employment (deferral states), a person may not bring a suit in federal court under the ADEA unless she has commenced a proceeding with the appropriate state agency."   *Id.* (citing *Oscar Mayer and Co. v. Evans*, 441 U.S. 750 (1979)). Ohio Administrative Code § 4112-3-01(D)(3), which states that a charge filed with the EEOC is deemed filed with the OCRC on the same date the charge is received by the EEOC, effectuates this policy.

---

[5] Courts have recognized certain exceptions to this general rule, which are discussed *infra*.

Unfortunately, this process of deeming an EEOC charge as being simultaneously filed with the OCRC

> leaves plaintiffs who wish to file both federal and state claims for age discrimination in a catch-22.   To preserve their federal claim they will have to file an administrative claim with both the EEOC and the [OCRC].   If the mere filing of an administrative claim for the purposes of preserving one's right to file a federal ADEA claim is an election of the administrative remedy set forth in Ohio Rev. Code § 4112.05, then a plaintiff will simultaneously be precluded from seeking any judicial remedy under state law.

*Reminder*, 2006 WL 51129, at *6.   Precluding an employee from pursuing simultaneous relief under state and federal law was not Congress' intent when it encouraged state resolution of age discrimination claims: "While it was the intent of Congress to encourage the resolution of age discrimination disputes on the state level through recourse to state administrative remedies, it is equally clear that Congress intended to make the remedies of the ADEA complementary and supplementary to state administrative remedies, and not mutually exclusive."   *Dunn*, 917 F. Supp. at 1190 (citing *Oscar Mayer*, 441 U.S. at 764).   Nevertheless, courts remain divided over whether to construe an age discrimination charge filed with the EEOC in Ohio as an election of an administrative remedy under Ohio law.   Having reviewed both lines of cases, this Court agrees with the reasoning supporting the decisions that do not construe an EEOC filing as a bar to a judicial remedy under state law.

### B.   Effect of First Filing a Charge with the OCRC

When an employee files a charge of age discrimination with the OCRC before filing a civil lawsuit and does not indicate that she is doing so only to preserve her right to pursue a claim under the ADEA, she has elected an administrative remedy under O.R.C. § 4112.05.   *See, e.g.*, *Oliver v. St. Luke's Dialysis, LLC*, No. 1:10cv2667, 2011 WL 3585462 (N.D. Ohio Aug. 11, 2011); *Woods*

6

*v. Vermilion Local Sch. Dist.*, No. 3:98cv7462, 1999 WL 652019, at *4 (N.D. Ohio Aug. 9, 1999);

*Talbott*, 147 F. Supp. 2d at 862; *Pozzobon v. Parts for Plastics, Inc.*, 770 F. Supp. 376, 379 (N.D.

Ohio 1991); *Balent v. Nat'l Revenue Corp.*, 638 N.E.2d 1064, 1067, 93 Ohio App. 3d 419 (Ohio

Ct. App. 1994).   In all of those cases, the employee filed a discrimination charge with the OCRC

prior to initiating a lawsuit seeking damages.   Those courts concluded that the employee's claim

under O.R.C. Chapter 4112 was barred by the election of remedies doctrine because the employee

had first and without qualification filed a charge of discrimination with the OCRC.

To the contrary, an employee who specifies in her OCRC discrimination charge that she is

filing for procedural purposes only, files a charge with the OCRC after filing the lawsuit, or files

the charge and lawsuit contemporaneously is not barred by the election of remedies doctrine from

pursuing a state-law discrimination claim.   *See, e.g., Baker v. Siemens Energy and Automation,*

*Inc.*, 838 F. Supp. 1227, 1234 (S.D. Ohio 1993); *Morris v. Kaiser Eng'rs, Inc.*, 471 N.E.2d 471,

474, 14 Ohio St. 3d 45 (1984); *Borowski v. State Chem. Mfg. Co*., 647 N.E.2d 230, 234-35, 97

Ohio App. 3d 635 (Ohio Ct. App. 1994).   In those cases, the courts found that if the plaintiff

expressly stated in his administrative charge filed with the OCRC that he was filing only to perfect

a claim under the ADEA, he was not barred from bringing suit under O.R.C. Chapter 4112.[6]

According to this line of cases, "a plaintiff who files OCRC charges for the sole purpose of

perfecting an ADEA claim must make that purpose clear."   *Woods*, 1999 WL 652019, at *4.

However, the ability of a member of the general public to take advantage of the "exception" that

allows pursuit of both a federal and state discrimination claim by specifying in the OCRC filing

---

[6] For example, the *Borowski* court noted in *dicta* that the appellant's suit under O.R.C. § 4112.99 was not necessarily barred by his prior filing with the OCRC because he gave the intake officer a letter stating he was filing only to perfect a claim under the ADEA.   97 Ohio App. 3d at 642, 647 N.E.2d at 234.   Likewise, in *Morris*, the court held that a claimant who had previously filed an age discrimination action under Chapter 4112 was not barred from filing a claim with the OCRC pursuant to O.R.C. § 4112.05 in order to satisfy the mandatory prerequisite to an action under the ADEA.   14 Ohio St. 3d at syllabus ¶ 1.

that it was being filed purely to perfect an ADEA claim depends on "a sophistication . . ., and deep familiarity with the law . . . that is rather unrealistic." *Williams v. Allstate Ins. Co.*, No. 5:04cv2435, 2005 WL 1126761, at *4 (N.D. Ohio Apr. 9, 2005). "Indeed, '[t]he interface between the federal and Ohio state procedures for filing an age discrimination charge is a minefield for the unwary litigant.'" *Id.* (quoting *Baker*, 838 F. Supp. at 1234).

### C. Effect of First Filing a Charge with the EEOC

While precedent demonstrates that filing an unqualified charge of discrimination with the OCRC constitutes an election of remedies under § 4112.05, the rule is not so clear when the employee files a charge with the EEOC. Courts confronted with motions to dismiss Chapter 4112 claims where plaintiffs have raised those claims after filing a charge with the EEOC disagree whether the filing amounts to an election of remedies under Ohio law such that the plaintiff is then barred from relief under O.R.C. Chapter 4112. The divergence of views results from the fact that the interpretation of the Ohio General Assembly's intent in drafting an election of remedies into Chapter 4112 is a matter of state law, and the Ohio Supreme Court has not directly addressed the issue of whether an EEOC filing equates with the election of an administrative remedy under § 4112.05. *Spengler*, 438 F. Supp. 2d at 809.

While the Ohio Supreme Court has not opined on the express question of whether an EEOC filing equates with an election of remedies under the Ohio statute, it has expressed an unwillingness to interpret Chapter 4112's election of remedies scheme to preclude an individual from pursuing both a federal and state law claim for age discrimination. *Id.* (citing *Morris*, 14 Ohio St. 3d 45, 471 N.E.2d 471 (holding that a plaintiff who had filed a claim of age discrimination under state law was not barred from later filing a charge with the OCRC under § 4112.05 to meet the prerequisites for filing a federal age discrimination claim). The *Morris* court, interpreting

8

*Oscar Mayer & Co. v. Evans*, 441 U.S. 750 (1979), observed that "the goal of the court in *Oscar Mayer* was to preserve the ADEA action and protect it from failure on the basis of state law.   Any other result would essentially prevent Ohio plaintiffs from joining claims under the ADEA with either of the judicial remedies provided by the Revised Code."   *Morris*, 14 Ohio St. 3d at 47, 471 N.E. 2d at 474.

The Sixth Circuit has considered the question, and it found that "[t]here is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the [OCRC], from pursuing a claim under section 4101.17 [now § 4112.14] where filing with the EEOC is required for the filing of a federal claim."   *Lafferty v. Coopers and Lybrand*, No. 87-3221, 1988 WL 19182, at *4 (6th Cir. March 8, 1988) (reversing dismissal of Ohio statutory claim and noting that "[t]he reasoning of *Morris* strongly supports this interpretation.").   Similarly, in an earlier-decided case, the Sixth Circuit noted the following:

> Filing a charge with the E.E.O.C. simply cannot be equated with instituting an action with the O.C.R.C.   *See Mason v. Midwestern Fidelity Corp.*, 589 F. Supp. 751, 755 (S.D. Ohio 1984).   Next, we find no support for the district court's holding in the Ohio statutes.   Section 4112.05 and 4112.08 of the Ohio Revised Code clearly preclude the judicial remedies under state law only if a charge, in writing and under oath, is filed with the O.C.R.C. within six months of an alleged discriminatory practice.   Finally, since a filing with the E.E.O.C. is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court.   Such a result would run contrary to the interrelated and complementary nature of federal and state employment discrimination procedures.

*McLaughlin v. Excel Wire & Cable, Inc.*, No. 85-3258, 1986 WL 16659, at *3-4 (6th Cir. March 24, 1986) (reversing district court's decision holding that the filing of an EEOC charge precluded subsequent state judicial relief).

9

Despite the holdings of *McLaughlin* and *Lafferty*, several district courts within the Sixth Circuit have held that the filing of a charge with the EEOC qualifies as an election of remedy pursuant to § 4112.05, precluding the plaintiff from seeking a judicial remedy under state law. *See, e.g.*, *Hillery v. Fifth Third Bank*, No. 2:08cv1045, 2009 WL 1322304 (S.D. Ohio May 11, 2009); *Gray v. Allstate Ins. Co.*, No. 1:03cv910, 2005 WL 2372845 (S.D. Ohio Sept. 26, 2005); and *Williams v. Allstate Ins. Co.*, 2005 WL 1126761 (N.D. Ohio Apr. 9, 2005). *Hillery* relied on three Ohio appellate court decisions to conclude that an age discrimination lawsuit pursuant to Ohio law was barred under the election of remedies doctrine when a charge of discrimination is filed with the EEOC: *Schwartz v. Comcorp, Inc.*, 91 Ohio App. 3d 639, 633 N.E.2d 551 (Ohio App. 1993);[7] *Williams v. Rayle Coal Co.*, No. 96-BA-42, 1997 WL 598091 (Ohio App. Sept. 19, 1997),[8] and *Clark v. City of Dublin*, No. 01AP-458, 2002 WL 465013 (Ohio App. March 28, 2002).[9] Although none of those Ohio appellate courts examined the relevant Ohio Supreme

---

[7] In *Schwartz*, the earliest of the cases, the court dispensed with the plaintiff's state law discrimination claim after noting that the plaintiff's EEOC claim was likewise filed with the ORCR pursuant to Ohio Admin. Code § 4112-3-01(D). *Schwartz* largely relied on *Pozzobon v. Parts for Plastics, Inc.*, 770 F. Supp. 376 (N.D. Ohio 1991), a federal case in which the court held the plaintiff's Ohio law age discrimination claim was barred. However, the plaintiff in *Pozzobon* had filed an administrative charge with the OCRC, not the EEOC. *Id.* at 378. Despite this significant distinction, the *Schwartz* court relied on *Pozzobon* when concluding that the plaintiff's age discrimination claim under Ohio law was barred due to his filing of an administrative charge with the EEOC. *Schwartz*, 91 Ohio App. 3d at 647, 633 N.E.2d at 557.

[8] The *Rayle Coal* court relied on *Schwartz* when summarily concluding that an employee was statutorily barred from pursuing a civil judicial remedy under Chapter 4112 when he had filed a charge with the EEOC because, through Ohio Admin. Code § 4112-3-01(D), such charge was "*in effect* also filed with the Ohio Civil Rights Commission." *Rayle Coal*, 1997 WL 598091, at *3 (emphasis added). The court did not address the employee's argument that O.R.C. § 4112.08 does not bar a civil suit under Chapter 4112 in state court unless there is a personal filing, as opposed to a filing "*in effect*."

[9] The *Clark* court employed the identical analysis used by the courts in *Schwartz* and *Rayle Coal* when affirming the trial court's decision granting summary judgment to the employer: the plaintiff filed an age discrimination claim with the EEOC, a claim with the EEOC constitutes a filing with the OCRC under the Ohio Administrative Code, and filing with the OCRC under §4112.05 bars an action under §§ 4112.14 or 4112.02. *Id.* at *10. The *Clark* court did not consider *Morris* or the fact that a plaintiff is required to file a charge with the EEOC in order to pursue a claim under the ADEA.

10

Court precedent of *Morris* nor considered that construing the filing of an EEOC charge as an election of remedies would preclude employees from pursuing both federal and state legal remedies for age discrimination, the *Hillery* court believed it was bound to follow those courts' decisions and hold that a charge of discrimination filed with the EEOC constitutes a filing with the OCRC, triggering Ohio's election of remedies doctrine. *Hillery*, 2009 WL 1322304, at *4.

The court in *Williams* granted an employer's motion to dismiss the plaintiff's state law age discrimination claim where the plaintiff had first filed a discrimination charge with the EEOC. 2005 WL 1126761, at *1. The court did so after noting that employees who wanted to pursue both state and federal claims could do so by filing an OCRC charge that expressly indicated that he/she was filing for procedural purposes only or by filing the OCRC charge after the lawsuit. *Id*. at *4 (citing *Woods*, 1999 WL 652019, at *4; *Baker*, 838 F. Supp. at 1234; *Morris*, 471 N.E.2d at 474; *Borowski*, 647 N.E.2d at 234-35). The court acknowledged, though, that taking advantage of those narrow exceptions "admittedly assumes a sophistication of, and deep familiarity with the law by, the general public that is rather unrealistic" and noted that barring the plaintiff from pursuing her state law discrimination claim because she had filed a charge with the EEOC was "somewhat unfair, especially when considering Plaintiff is *pro se* and would likely have never been aware of this nuance of Ohio discrimination law." *Id*.

The court in *Gray* also concluded that the filing of a charge with the EEOC in Ohio was an election of the remedy provided by O.R.C. § 4112.05. *Gray*, 2005 WL 2372845, at *6. Like *Williams*, the *Gray* court relied on *Morris* and *Borowski* when concluding that "[a] plaintiff may file a charge of age discrimination with the EEOC in order to preserve an ADEA claim for later prosecution without implicating the election-of-remedies doctrine by expressly acknowledging in the charge that no investigation is requested because the charge is being filed only to protect

11

federal rights." *Id.* (citing *Morris*, 14 Ohio St. 3d, at syllabus ¶ 1; and *Borowski v. State Chem. Mfg. Co.*, 97 Ohio App. 3d 635, 647 N.E.2d 230 (Ohio App. 1994)).   However, as discussed previously, both *Morris* and *Borowski* concerned a plaintiff's filing of an administrative charge with the OCRC, not the EEOC.

        In contrast to *Hillery*, *Gray*, and *Williams*, other federal district courts have refused to construe an EEOC filing as an election of remedies.  *See, e.g., Esparaza v. Pierre Foods*, No. 1:11cv874, 2013 WL 550671 (S.D. Ohio Feb. 12, 2013); *Johnson v. Ohio Cas. Ins. Co.*, No. 1:05cv742, 2006 WL 2849781 (S.D. Ohio Sept. 29, 2006); *Spengler*, 438 F. Supp. 2d 805; *Reminder*, 2006 WL 51129; *Pitts v. Dayton Power & Light Co.*, 748 F. Supp. 527 (S.D. Ohio 1989).   In *Reminder*, the plaintiffs filed a charge of age discrimination with the EEOC and then filed suit making claims for age discrimination in violation of the ADEA and the Ohio Revised Code.   The defendant moved to dismiss the state law claim, arguing that the claim was barred by Chapter 4112's election of remedies provision.   The court denied the motion to dismiss after concluding that the plaintiffs' act of filing a charge with the EEOC was not equivalent to electing an administrative remedy under § 4112.05.

        In reaching its decision, the *Reminder* court considered the federal and state court decisions that held the filing of a charge with the EEOC qualified as an election of remedies.   However, it found them insufficiently persuasive to "overcome the strong policy consideration that the Supreme Court of Ohio has expressed against interpreting Ohio Rev. Code Chapter 4112 in such a way as to prevent plaintiffs from asserting pendent claims for age discrimination under both federal and state law."  *Reminder*, 2006 WL 51129, at *8 (citing *Morris*, 14 Ohio St. 3d at 47, 471 N.E.2d at 474).   Further, the *Reminder* court observed that O.A.C. § 4112-3-01(D)(3), the Administrative Code section that deems an EEOC filing as also being filed with the OCRC,

12

appears under the heading "Time of Filing" and "merely provides a guideline for determining the date upon which a charge is 'deemed filed' with the Ohio Civil Rights Commission for determining whether the filing is timely." *Id*. The *Reminder* court recognized that the Administrative Code simply reiterates Ohio's status as a deferral state under the ADEA; it says nothing about the effect of such a filing on a plaintiff's election of remedies under Chapter 4112. *Id*. Thus, the court found it could not equate the mere filing of an age discrimination charge with the EEOC with the election of an administrative remedy under § 4112.05.

The district court in *Spengler* likewise concluded that the mere filing of a charge with the EEOC did not qualify as an election of remedy pursuant to § 4112.05. 438 F. Supp. 2d 805. As in *Reminder*, the plaintiff had first filed a charge of age discrimination with the EEOC and, after receiving a right to sue letter, filed a complaint in federal court alleging age discrimination in violation of the ADEA and Ohio law. *Id*. at 806–07. The defendant moved to dismiss the state law claim, arguing that plaintiff's act of filing a charge with the EEOC was equivalent to electing an administrative remedy under § 4112.05. The *Spengler* court considered the reasoning of the courts that held that the filing of a charge with the EEOC qualified as an election of remedy pursuant to § 4112.05. However, it rejected that reasoning and agreed instead with the reasoning of the *Reminder* court, namely, "that *Morris*, *Lafferty*, and *McLaughlin*, in connection with the plain language of Chapter 4112 of the Ohio Revised Code point against a finding that a plaintiff's decision to file with the EEOC amounts to an election to pursue a state administrative remedy under § 4112.05." *Id*. at 811. Further, the *Spengler* court noted that "[t]hough there are exceptions to the election of remedies doctrine, which would enable a plaintiff to file both state and federal discrimination claims, this Court is not persuaded that the Ohio legislature envisioned a general public that was aware of this subtle nuance which might save their claims." *Id*.; *see also*

13

*Johnson*, 2006 WL 2849781, at * 2 ("The law is clear that 'filing a charge with the EEOC is not

equivalent to electing an administrative remedy under Ohio Rev. Code. Ann. § 4112.05.'")

(quoting *Reminder*, 2006 WL 51129, at *8).

Very recently, when confronted with a motion to dismiss a plaintiff's Ohio law age

discrimination claim under substantially identical relevant facts, a district court denied the motion

and deferred ruling on the issue. *Esparaza v. Pierre Foods*, No. 1:11cv874, 2013 WL 550671

(S.D. Ohio Feb. 12, 2013). After undertaking a thorough analysis of the split of persuasive

authority on the issue and noting that it was unclear whether the OCRC actually investigated the

plaintiffs' claim or had any role other than to be notified of the plaintiff's EEOC charges, the

*Esparaza* court stated:

> The Court is reluctant to bar the plaintiffs' claim based solely upon
> boilerplate language, especially since civil rights statues are
> construed liberally to do justice. The record does not indicate
> whether the plaintiffs had counsel when they filed their EEOC
> charges with the help of a language interpreter. The record also
> does not reflect that they were even aware of any "election" of
> remedies or that they were required to expressly indicate that their
> EEOC charge was being brought only to perfect their federal claim.
> *See Spengler*, 438 F.Supp.2d at 811 ("this Court is not persuaded
> that the Ohio legislature envisioned a general public that was aware
> of this subtle nuance which might save their claims").

*Id*. at *10.

This Court concludes that the line of cases holding that an administrative filing with the

EEOC does not serve as an election of remedies under O.R.C. § 4112.05 is better reasoned.

Simply put, the administrative remedy available under § 4112.05 requires that an individual file a

charge with the OCRC. *Lafferty*, 1988 WL 19182, at *4; *McLaughlin*, 1986 WL 16659, at *3-4.

The fact that Ohio is a deferral state and that, accordingly, Ohio Admin. Code § 4112-3-01(D)(3)

deems a filing with the EEOC to be contemporaneously filed with the OCRC, is insufficient to

14

persuade this Court that the Ohio Supreme Court would deem an administrative filing with the EEOC an election of remedies under O.R.C. § 4112.05, particularly when the Ohio Supreme Court has recognized that the goal of the Supreme Court in *Oscar Mayer* was to preserve the right of litigants to pursue their discrimination claims under both state and federal law.  *Morris*, 14 Ohio St. 3d at 47, 471 N.E.2d at 474.

Having surveyed the relevant body of persuasive case law, this Court concludes that the Ohio Supreme Court would likely rule that filing a charge of age discrimination with the EEOC does not comprise an election of remedies under O.R.C. § 4112.05.   Therefore, the Court holds that Plaintiffs' *pro se* filing of an EEOC charge was not an election of remedies under the Ohio statute.   This result acknowledges the complementary nature of federal and state employment discrimination procedures and disarms the "minefield" Ohio's statutory scheme creates for the litigant wanting to pursue a remedy for age discrimination — something this Court finds particularly important when an employee is attempting to navigate that minefield without the assistance of legal counsel.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Partial Motion to Dismiss.

IT IS SO ORDERED.


S/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court

15